UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

        **Plaintiff,**

v.                                               Civil Action No. 1:11-cv-00202-IMK

CSX TRANSPORTATION, INC.,
a Virginia corporation,

        **Defendant.**

## NOTICE OF REMOVAL

The Defendant, CSX Transportation, Inc. (hereinafter "CSXT"), pursuant to the provisions of 28 U.S.C. § 1446, gives notice of the removal to this Court of the case styled as "Town of Tunnelton v. CSX Transportation, Inc.," Civil Action No. 10-C-269, pending in the Circuit Court of Preston County, West Virginia. As grounds for the removal of this action to this Court, CSXT states as follows:

1.     The Plaintiff, Town of Tunnelton (hereinafter "Tunnelton") is a municipal corporation and citizen of the State of West Virginia; and the Defendant, CSX Transportation, Inc., is a corporation incorporated in the Commonwealth of Virginia and has its principal place of business in the State of Florida.

2.     Tunnelton instituted this civil action in the Circuit Court of Preston County, West Virginia against CSXT on or about December 22, 2010. A certified copy of the civil docket sheet maintained by the Clerk of the Circuit Court of Preston County, West Virginia, is attached hereto as Exhibit A, together with a copy of all process, pleadings, and Orders served upon CSXT in such action, which are collectively attached hereto as Exhibit B. In compliance with 28

U.S.C. § 1447, and Local Rule of General Practice and Procedure 5.01(c), CSXT will timely file with this Court the certified state court record of this civil action.

3. On November 29, 2011, this civil action became one removable by CSXT pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1337. This Court has jurisdiction over any non-removable claims or causes of action by virtue of 28 U.S.C. § 1441(c) and/or the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Tunnelton's original Complaint (*Exhibit A*, Doc. #1) sought specific performance of CSXT obligations under a 1911 contract between its predecessor-in-interest and plaintiff "to forever maintain ... a concrete [bridge] structure" carrying railroad tracks "over Beaver Street" (Id. at ¶ 8) and an "iron overhead [foot]bridge over the railway" (Id. at ¶9). In its original Complaint, Tunnelton sought only to compel contractual performance by CSXT and did not seek compensatory damages, or other form of monetary relief, or injunctive relief of any kind. The cost to CSXT associated with performing only contractual maintenance work to repair the existing structures is projected to be less than $75,000 (Exhibit C, Garro Aff. at ¶3).

5. By Order (*Exhibit A*, Doc. # 47) entered on November 18, 2011, the Circuit Court of Preston County granted Tunnelton leave to file an amended complaint.

6. On November 29, 2011, Tunnelton served on CSXT a First Amended Complaint (*Exhibit A*, Doc. # 51). The First Amended Complaint altered the inherent nature of this suit. It seeks not just an order that CSXT be required to perform contract maintenance to repair existing structures, as originally pled, but injected wholesale new legal theories and causes of action to support two new categories and forms of relief. First, based on a common law negligence theory, Tunnelton's First Amended Complaint seeks an unspecified monetary compensatory

{H0721965.1 }                                    2

award for physical damage to Beaver Street itself. (Id. at ¶¶ 20-22; Demand for Relief, no. 3). Second, Tunnelton now also seeks an injunction requiring CSXT to take extra-contractual measures to abate alleged hazards to public travelers on Beaver Street and the footbridge (Id. at ¶¶ 24-26; Demand for Relief no. 4). In essence and practical consequence, the newly added claims in Tunnelton's First Amended Complaint ask the court to regulate CSXT's railroad operations and the design, construction and performance of CSXT's railroad facilities.

7. The amount placed in controversy by Tunnelton's First Amended Complaint exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of costs and interest. Tunnelton has provided an estimate of $47,800.00 for repairing Bridge Street (Exhibit D). When that cost of roadway repair is added to the projected cost of extra-contractual alterations to existing railroad infrastructure sought by Tunnelton to abate alleged flooding and other hazards, the amount in controversy exceeds the diversity threshold. (Exhibit C, Garro Aff. at ¶4). Because there is complete diversity between the parties and amount in controversy requirement is satisfied, this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

8. In addition, this Court has original federal question jurisdiction. The Interstate Commerce Commission Termination Act (hereinafter "ICCTA"), 49 U.S.C. § 10101 *et seq.*, provides that the Surface Transportation Board has jurisdiction over the regulation of "transportation by rail carrier" See 49 U.S.C. § 10501(a). ICCTA expressly provides that the Surface Transportation Board's jurisdiction over disputes regarding "transportation by rail carriers," such as the instant civil action, is "exclusive." See 49 U.S.C. § 10501(b), which provides in applicable part that:

> "The jurisdiction of the Board over---
>
> **(1) transportation by rail carriers, and the remedies provided in this part** [49 USCS §§ 10101 et seq.] **with respect to** rates,

classifications, rules (including car service, interchange, and other operating rules), **practices**, routes, services, **and facilities of such carriers; and**

(2) **the construction,** acquisition, **operation,** abandonment, or discontinuance **of** spur, industrial, team, switching, or side tracks, or **facilities**, even if the tracks are located, or intended to be located, entirely in one State **is exclusive**." (emphasis added)

9. ICCTA , at 49 U.S.C. § 10501(b), also contains an express preemption clause, which provides that the federal remedies provided by ICCTA are exclusive and preempt any remedies otherwise provided by Federal or State Law with respect to "the regulation of rail transportation." "Transportation" is defined by 49 U.S.C. § 10102(9) to include "a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock, yard, **property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail,** regardless of ownership or an agreement concerning use" (emphasis added). See 49 U.S.C. § 10501(b) which provides, in applicable part:

"Except as otherwise provided in this part [49 USCS §§ 10101 *et seq.*], **the remedies provided under this part** [49 USCS §§ 10101 *et seq.*] **with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law**." (emphasis added)

10. CSXT is a "rail carrier" as defined by ICCTA; and Tunnelton's allegations that CSXT's railroad facilities constitute a nuisance, and Tunnelton's request for injunctive relief demanding that the Court order CSXT to alter CSXT's railroad facilities and/or CSXT's manner of operating and maintaining CSXT's railroad facilities constitute a claim for a remedy with respect to the "regulation of rail transportation" as defined by ICCTA. Likewise, Tunnelton's request for monetary damages constitutes a request for the "regulation of rail transportation." The negligence and nuisance claims asserted by Tunnelton in Tunnelton's First Amended Complaint are thus expressly and completely preempted by ICCTA. See *Maynard v. CSX*

*Transportation, Inc.*, 360 F. Supp. 2d 836, 840, 843-44 (E.D. Ky. 2004) which held that plaintiff's nuisance and negligence claims alleging that drainage from the railroad tracks was harming plaintiff's property where preempted by ICCTA , and further held [*Id.* At 840] that "a state may regulate through an award of damages under a common law claim as effectively as it may regulate by some form of preventative relief, and thus a state common law cause of action qualifies as 'regulation' for purposes of section 10501(b)."

11.     The nuisance and negligence allegations of Tunnelton's First Amended Complaint seek to regulate "rail transportation" and are wholly and completely preempted by ICCTA.  Since any claim seeking a remedy with respect to the regulation of "rail transportation" may only arise under ICCTA, Tunnelton's nuisance and negligence allegations are deemed pursuant to the well-pleaded complaint doctrine to be claims arising under the laws of the United States over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  See *Elam v. Kansas City Southern Railway Co.*, 635 F.3d 796 (5th Cir. 2011), which held that complete preemption of state law claims by ICCTA creates a proper basis for federal-question removal.

12.     The nuisance and negligence allegations of Tunnelton's First Amended Complaint seeking remedies with respect to the "regulation of rail transportation" and are wholly and completely preempted by ICCTA; and are deemed pursuant to the well-pleaded complaint doctrine to be claims arising under ICCTA.  Tunnelton's nuisance and negligence allegations thus arise under an Act of Congress regulating commerce and/or protecting commerce from state law restraints, and are claims over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1337.

13.     In its original Complaint, Tunnelton asserted no monetary claims and sought only specific performance of an alleged contract which did not constitute a federal claim for relief.

See *PCS Phosphate Co., Inc. v. Norfolk S. Corp.*, 559 F.3d 212, 220 (4th Cir. 2009), which declined to view private contracts as presumptively regulatory and distinguished the contract claims in that action from the common law regulation of rail transportation through nuisance and negligence actions that had been held to be preempted by ICCTA. This civil action is timely removed in accordance with 28 U.S.C. § 1446(b), which provides that a civil action is properly removed within thirty days after receipt of an amended pleading where the initial pleading was not removable.

14.  Tunnelton's First Amended Complaint changed the character of this action from one sounding in contract and only seeking specific performance, to an action also sounding in tort and nuisance, and seeking to "regulate transportation by rail carrier" and recover monetary damages. Tunnelton's First Amended Complaint not only changed the legal theory of the case and requested new remedies, but also asserted for the first time that CSXT's railroad facilities were causing flooding of Tunnelton's streets. Assuming *arguendo* that this action was originally removable, this civil action is timely removed in accordance with 28 U.S.C. § 1446(b) pursuant to the revival doctrine, which permits removal within thirty days after receipt of an amended pleading where the amended pleading alters the character of the action. See *Johnson v. Heublein Inc.*, 227 F.3d 236 (5th Cir. 2000).

15.  In compliance with 28 U.S.C. § 1446(d), CSXT certifies that promptly after filing this Notice of Removal, it will give written notice to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Preston County, West Virginia.

WHEREFORE, Defendant CSXT submits that this Notice of Removal to this Court is proper and effects removal of this civil action to this Court. CSXT hereby gives notice to the Clerk of the Circuit Court of Preston County, West Virginia, that said Removal is hereby

effected and that no further action by the Circuit Court shall take place unless this action is remanded by this Court.

Respectfully Submitted,

CSX TRANSPORTATION, INC.,
a Virginia corporation,

By _____/s/ Andrew S. Zettle_____
                Of Counsel

Andrew S. Zettle, Esq.
W. Va. State Bar # 4193
T. Matthew Lockhart, Esq.
W. Va. State Bar # 11058
**Huddleston Bolen, LLP**
611 Third Avenue
Huntington, WV 25701
Phone: (304) 529-6181
*Counsel for Defendant*
*CSX Transportation, Inc.*


Mark E. Gaydos, Esq.
W. Va. State Bar # 4252
**McNeer, Highland, McMunn and Varner, L.C.**
107 West Court Street
P.O. Box 585
Kingwood, WV 26537
Phone: (304) 329-0773
Fax:    (304) 329-0595
*Co-Counsel for Defendant*
*CSX Transportation, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

        Plaintiff,

v.                                                                            Civil Action No. 1:11-cv-00202-IMK

CSX TRANSPORTATION, INC.,
a Virginia corporation,

        Defendant.

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the **Notice of Removal** was served upon the following individuals via CM/ECF System on the 16th day of December 2011 to:

Thomas R. Michael
Attorney for Town of Tunnelton
P.O. Box 250
Lost Creek, WV 26385

                                                /s/ Andrew S. Zettle
                                                Andrew S. Zettle, Esq.
                                                W. Va. State Bar # 4193
                                                T. Matthew Lockhart, Esq.
                                                W. Va. State Bar # 11058
                                                **Huddleston Bolen LLP**
                                                611 Third Avenue
                                                Huntington, WV 25701
                                                Phone: (304) 529-6181
                                                *Counsel for Defendant*
                                                *CSX Transportation, Inc.*

Mark E. Gaydos, Esq.
W. Va. State Bar # 4252
**McNeer, Highland, McMunn and Varner, L.C.**
107 West Court Street
P.O. Box 585
Kingwood, WV 26537
Phone: (304) 329-0773
Fax:    (304) 329-0595
*Co-Counsel for Defendant
CSX Transportation, Inc.*