# EXHIBIT B

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 3667 98

RECEIVED

JAN – 4 2011

CSX CORPORATION
Corporate Secretary Office



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 305936 |
| Defendant: | CSX Transportation, Inc. |

CSX Transportation, Inc.
Rachel E. Geiersbach
500 Water Street
Jacksonville FL  32202

| | |
|---|---|
| | 12/28/2010 |
| Civil Action: | 10-C-269 |

I am enclosing:

| | | | |
|---|---|---|---|
| _____ summons | _____ affidavit | _1_ summons and complaint |
| _____ notice | _____ answer | _____ summons returned from post office |
| _____ order | _____ cross-claim | _____ summons and amended complaint |
| _____ petition | _____ counterclaim | _____ 3rd party summons and complaint |
| _____ motion | _____ request | _____ no return from post office |
| _____ suggestions | _____ certified return receipt | _____ notice of mechanic's lien |
| _____ interrogatories | _____ request for production | _____ suggestee execution |
| _____ original | _____ request for admissions | _____ Other |
| _____ subpeona duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have
accepted service of process            in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly
to the court or the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

*Sincerely,*

Natalie E. Tennant
Secretary of State

RECEIVED

JAN - 4 2011

CSX CORPORATION
Corporate Secretary Office

# SUMMONS
## CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

TOWN OF TUNNELTON,
A West Virginia Municipal Corporation,
          PLAINTIFF,

VS.                         CIVIL ACTION NO.  10-C-269
                            JUDGE:  LAWRANCE S. MILLER, JR.

CSX TRANSPORTATION, INC.,
a Virginia corporation,
          DEFENDANT.

**To the above named Defendant:**

          IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon **THOMAS MICHAEL**, plaintiff's attorney, whose address is

**P.O. BOX 250, LOST CREEK, WV 26385**,  an answer including any related counterclaim

you may have to the complaint filed against you in the above civil action, a true copy of

which is herewith delivered to you.  You are required to serve your answer within **30** days

after service of this summons upon you, exclusive of the day of service.  If you fail to do so,

judgment by default will be taken against you for the relief demanded in the complaint and

you will be thereafter barred from asserting in another action any claim you may have which

must be asserted by counterclaim in the above style civil action.


                                   Betsy Castle
                              CLERK OF COURT

Dated: December 22, 2010

                              BY:

                              DEPUTY CLERK


*Please Serve:*
*CSX TRANSPORTATION, INC.,*
*a Virginia corporation*



d:\corel\boiler\civsum.wpd

IN THE CIRCUIT COURT OF PRESTON COUNTY
WEST VIRGINIA

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

    Plaintiff,

vs.                      Civil Action No. *10 · C · 369*

CSX TRANSPORTATION, INC.,
a Virginia corporation,

    Defendant.

## COMPLAINT

1.    The Plaintiff, Town of Tunnelton, is a West Virginia municipal corporation, located entirely within Preston County, West Virginia.

2.    The Defendant, CSX Transportation, Inc., is a Virginia corporation doing business in Preston County, West Virginia.

3.    The Defendant, CSX Transportation, Inc., is the successor in interest to the Baltimore and Ohio Railroad Company.

4.    On or about November 2, 1911, the Town of Tunnelton passed an ordinance containing certain terms and conditions, which were accepted by the Baltimore and Ohio Railroad Company on November 6, 1911.

5.    A true copy of said ordinance is attached hereto as "Exhibit A" and made a part hereof.

6.    Said ordinance and its acceptance by the Baltimore and Ohio Railroad Company constitute a contract between the Plaintiff and Defendant.

7.    Said terms and conditions concern, in part, the maintenance obligations of CSX relating to the

1

overpass of Beaver Street and a footbridge over the railway.

8.    The "SECOND" paragraph in the ordinance provides, in part, that the "Baltimore and Ohio Railroad Company will build, construct, in a good, workmanlike manner and forever maintain in a safe and useable condition, a concrete structure to carry its tracks over Beaver street".

9.    At this time the overpass of Beaver Street has pieces of concrete falling off of the top and onto Beaver Street.  Also, water is dripping from the overpass onto Beaver Street and causing damage to the street.

10.   The "FOURTH" paragraph in the ordinance provides, in part, that the railroad company "is further to provide, keep and forever maintain" an iron overhead bridge over the railway.

11.   At this time, said foot bridge is missing a number of cross ties on its decking.  In addition, snow is not being removed in the winter

12.   Plaintiff has requested that Defendant advise Plaintiff of its plans to correct said problems.

13.   Defendant has failed to respond to Plaintiff's request.

14.   Defendant has failed to correct said problems.

15.   Defendant has breached its contract with Plaintiff by failing to maintain in a safe and useable condition, the concrete structure that carries its tracks over Beaver street.

16.   Defendant has breached its contract with Plaintiff by failing to provide, keep and maintain the iron overhead bridge over the railway.

WHEREFORE, Plaintiff demands:

1.    Specific performance by the Defendant of its obligations to maintain in a safe and useable condition, the concrete structure that carries its tracks over Beaver street.

2.    Specific performance by the Defendant of its obligations to provide, keep and maintain the

2

iron overhead bridge over the railway.

3.　　Its costs and expenses herein, including reasonable attorney fees.

TOWN OF TUNNELTON

By: _Thomas R. Michael_

Thomas R. Michael
State Bar No.  2546
Attorney for Town of Tunnelton
P.O. Box 250
Lost Creek, West Virginia, 26385
304-745-5904

3

165

AN ORDINANCE GRANTING THE USE OF PART OF NORTH
STREET AND CERTAIN OTHER RIGHTS AND PRIVILEGES
TO THE BALTIMORE AND OHIO RAILROAD COMPANY.

WHEREAS, heretofore, The Town of Tunnelton entered into
an agreement with The Baltimore and Ohio Railroad Company, dated
the 5th day of November, 1910, whereby the said Town of Tunnelton
agreed to vacate certain parts of Boswell Street, to-wit:  from
a point where the same forms a junction with Gibson Street near
the Methodist Episcopal Church, eastward to a point at or about
the line dividing the property now or formerly owned by A. Bliss
McCrum, from the property of W. J. Lavelle, and also that part of
said street extending from the line dividing the property of said
W. J. Lavelle from the property now or formerly owned by the
Kingwood, Gas, Coal & Iron Company, eastward, to a point east of
the crossing of said Boswell Street and the West Virginia Northern
Railroad and between said crossing and the residence of D. C. Zinn,
at a point heretofore agreed on between said crossing and the said
Zinn's residence; and granted to the said Railroad Company the
right to use said portions of said Boswell Street, so vacated and
abandoned, for railroad purposes.

AND WHEREAS, said Town of Tunnelton, afterwards, conveyed
said portions of said Boswell Street to said Baltimore and Ohio
Railroad Company by a proper deed; and in consideration of said
abandonment, vacating, and closing of said Boswell Street and said
conveyance, the said Railroad Company agreed to open a new street,
hereinafter referred to as "New" Street, from the said Boswell
Street at the point at which said street is so closed near D. C.
Zinn's residence, uniting it as nearly at a right angle as can
practically be made with the open end of said street and crossing

--- 1 ---

EXHIBIT A

in a straight line to and intersecting Gibson Street at a point east of and near the water trough of S. W. Craig; said New Street to be built by said Railroad Company at as nearly an equal grade with the portions of Boswell and Gibson Streets, so intersected by it as can be done, and said Railroad Company agreed to make ample provision, in the construction of said New Street, for conducting the water which now flows between said Gibson and Boswell Streets under said New Street so as not to obstruct or impede its flow; and to keep, and maintain said street in good repair for one year from the date of its construction.

AND WHEREAS, said Railroad Company further agreed to put said Gibson Street on a better grade than it then had from the present point of intersection thereof by Boswell Street to the point of its intersection by said proposed New Street, and on as good grade as can be done without damage or injury to the properties of adjoining landowners and to macadamize both said New Street and the said portion of Gibson Street with the same material as is used by the said Railroad Company in ballasting its tracks; and to cover the same with a top coating of stone screenings, the macadamized surface to be twenty-four feet in width; and agreed to widen said Gibson Street to a uniform width of fifty feet from its intersection with North Street to its intersection by said proposed New Street, and said Railroad Company further agreed to make said New Street of a uniform width of fifty feet, to grade the same and to macadamize the same to a like width of twenty-four feet in the same manner as thereinbefore provided for Gibson Street.

AND WHEREAS by said agreement said Railroad Company was authorized to make a cut across North Street between the part crossing the Baltimore and Ohio Railroad tracks at the intersection of said North Street by Gibson Street, of sufficient depth and width

--- 2 ---

for the use of contractors in the building of the new tunnel to the west of said Town of Tunnelton, which work was to be prosecuted with as little obstruction to the travel on said street as it was possible to avoid; and said out was to be bridged by said company and kept at all times, while in use, safe and convenient for travel; and said Company further agreed on the completion of said tunnel, unless there was a later differ- ent agreement as to same, to put said street in as good condition as it had theretofore been.

AND WHEREAS said Railroad Company further agreed within one year from said 5th day of November, 1910, or as soon there- after as its tracks are removed from its present right of way, not to exceed eighteen months, to give, dedicate, and convey to the Town of Tunnelton, for public use as a street, hereinafter called "Bank Street", a strip of land twenty-four feet wide along the northern limit of said Baltimore and Ohio Railroad, by the most convenient route to Boswell Street, at or near the corner of the property belonging to W. J. Lavelle, and agreed at its own expense to grade, pave or macadamize said street in such manner as might be desired by the Council of said Town of Tunnelton, and said Railroad Company further agreed that it would give and convey to the Town of Tunnelton the portion of land between the southwest corner of the bank building and the eastern limit of North Street on the south side of said railroad as at present located, on which the flagstone walk running from North Street to the said bank building is now located.

AND WHEREAS said Railroad Company desires to reduce the grade of its lines of railroad through the Town of Tunnelton, to relocate parts of the same, and to otherwise improve said lines and to accomplish said purposes has petitioned the Town of Tunnelton that it may, take and hold the interest and right which said Town has in that part of North Street extending from its

--- 3 ---

intersection with Gibson Street to the north side of Bank Street, and in exchange therefore has agreed to give, dedicate and convey certain property to the Town and to do certain acts and things for public use and benefit as hereinafter set forth.

NOW, THEREFORE, Be it ordained by the Council of the Town of Tunnelton, in consideration of the premises, that part of North Street extending from the southern boundary of Gibson Street to the northern boundary of said Bank Street, be vacated and abandoned, but upon the express conditions, stipulations and covenants hereinafter set forth.

FIRST:  That the said Baltimore and Ohio Railroad Company will construct a passenger station, as located on the plat marked Exhibit "A" and made part hereof, as well as a freight station as located on said Exhibit "A".

SECOND:  That said Baltimore and Ohio Railroad Company will build, construct, in a good, workmanlike manner and forever maintain in a safe and usable condition, a concrete structure to carry its tracks over Beaver Street, to be located as shown on said Exhibit "A", and will forever save free and harmless the said Town from any injury or damage done to or suffered by any one by reason of any defect in the construction or default in the maintenance of said structure.

THIRD:  Said structure is to be twenty-six feet in width and fourteen feet in height from under part of bridge to crown of street, in accordance with the design shown by Plan "B" hereto attached, and made part hereof.   The street passing through the undergrade crossing is to be known as Beaver Street and is hereinafter referred to by that name.   Said Beaver Street is to be paved its entire width and at each end of Beaver Street, where the same connects with said Bank Street and said Boswell Street, is to be made of greater width than twenty-six feet as designated by said Exhibit "A" to make convenient turning for teams going in any direction from Beaver Street.   Within the said structure there shall

be constructed a sidewalk, of concrete, for the accomodation of pedestrians on the east side thereof and separated from the driveway by an iron railing as indicated on Plan "B".

The said Railroad Company is to grade, curb and pave said Gibson Street, said New Street, said Bank Street, said Boswell Street, and said Beaver Street to a width and in the manner hereinafter specified.

Said Gibson Street shall be paved to a width of thirty-two feet for a distance of three hundred feet, west of North Street, with a concrete curbing at both edges of said paving.

Said Gibson Street is to be paved to a width of thirty-two feet from the western side of North Street to its junction with New Street, with concrete curbing on both sides of said paving.

Said New Street, leading from the property of D. C. Zinn at Boswell Street to Gibson Street, is to be paved to a width of thirty-two feet with concrete curbing on both sides.

Said Railroad Company is to give, dedicate and convey to the Town instead of the strip twenty-four feet in width, called Bank Street, and leading to Boswell Street from South Street, a strip of ground forty feet in width, and in lieu of macadamizing the same for a width of twenty-four feet, as heretofore agreed upon, is to pave said street for its entire length and to a width of thirty-two feet from its junction with South Street to said subway with an eight foot sidewalk on the north side thereof, with concrete curbing on both sides of the driveway, and to pave said Boswell Street for its entire length and for its entire width from said subway to a point near the east line of Lavelle's property, east of which point said street has been abandoned under agreement of November 5th, 1910, with concrete curbing on both sides of the driveway.

The said streets are to be graded to line shown on Plan marked Exhibit "A" and the said Town of Tunnelton hereby releases

--- 5 ---

the Railroad Company from any damage which may be incurred or claim by either the Town or property owners by reason of the grading and paving of the streets hereinabove referred to.

All said curbing is to be of concrete set according to the grade lines shown on Plan marked Exhibit "A", and is to be not less than six inches in width at the top and seven and one-half inches at the base, and of a depth of two and one-half feet to be well set and bedded below the ground out of danger of frost The concrete to be made of not less than one part of Portland Cement, or cement of as good quality, two parts, sharp, clean sand, free from loam and dirt, and four parts of broken stone, free and clean, no stone larger than will pass through an inch and a half wire mesh to be used.

Said paving to be done with paving block of prime qual upon a foundation of not less than eight inches of cinder well rolled, and two inches of sand, and when completed to be covered with sand and rolled; joints of paving when completed to be seal with grout composed of one part cement and one part sand.   The driveways to have a crown, in the center, of six inches with gut on each side of six inches, below the top of the concrete curbin

FOURTH: Said Railroad Company is further to provide, keep and forever maintain over the new tracks of said railroad, where the same cross North Street, an iron overhead bridge, eigh feet in width, of sufficient strength to carry a weight of not less than one hundred and sixty pounds, per square foot, with one iron step approach to said bridge on the south side thereof and with two iron step approaches on the north side thereof, one lead ing to the western part of said Gibson Street, and the other to the eastern part; the steps to be of equal width with said bridge and to have uniform risers not in excess of eight inches, and sai

bridge to be not less than twenty-one feet, six inches, above top of rail of said railroad, the bridge and approaches to have side rails not less than four feet in height, which said bridge when so constructed, shall be open and free for the use of the public as a foot bridge.

Said Railroad Company shall use all proper skill and care in the performance of the work to be done, by it under the provisions of this ordinance; shall fully guard and protect all excavations and dangerous places, and use all due and proper care to prevent injury to persons or property for and during the time of doing the said work, and shall save harmless and free from all liability the said Town from any injury or damage caused by its neglect or default, or the neglect or default of its agents, servants or employes.

It is further provided that this ordinance shall be effective immediately upon the Railroad Company filing with the Recorder of the Town a written acceptance of said ordinance, with all its terms and conditions.

Provided, further, that the wooden bridge now on North Street shall be maintained and kept in good and safe condition until the said Beaver Street and Bank Street shall have been opened and made fit for public use.

Baltimore, Md.    Nov. 6th, 1911.

The Baltimore and Ohio Railroad Company hereby accepts the Ordinance passed by the Council of the Town of Tunnelton on Thursday, November 2nd, 1911, entitled "AN ORDINANCE GRANTING THE USE OF PART OF NORTH STREET AND CERTAIN OTHER RIGHTS AND PRIVILEGES TO THE BALTIMORE AND OHIO RAILROAD COMPANY", subject to all its terms and conditions.

THE BALTIMORE & OHIO RAILROAD COMPANY,

BY _A.W. Thompson_
General Manager.

**CERTIFIED MAIL** Int.




UNITED STATES POSTAGE

02 1R        $
0006561724   0⊄
MAILED FROM ZIP C

*160*

# EIGHTEENTH JUDICIAL CIRCUIT
## STATE OF WEST VIRGINIA
### PRESTON COUNTY COURTHOUSE



**LAWRANCE S. MILLER, JR.**
JUDGE

101 WEST MAIN STREET, ROOM 303
KINGWOOD, WV 26537
TELEPHONE (304) 329-0066
FAX (304) 329-4538

**February 24, 2011**

Mr. Thomas R. Michael, Esq.
Post Office Box 250
Lost Creek, West Virginia 26385

Mr. Andrew S. Zettle, Esq.
Post Office Box 2185
Huntington, West Virginia 25722-2185

Re: Town of Tunnelton v. CSX Transportation, Inc.
    Civil Action No: 10-C-269

Dear Counselors:

    With reference to the above case, please be advised that the Court has scheduled the same for a scheduling conference on <u>April 22, 2011, at 11:00 a.m.</u>

    It will be Plaintiff's responsibility to notify all defendants or their counsel who have filed an answer, notice of bona fide defense, or otherwise appeared. Plaintiff is not required to notify any party who has not filed a response or who has not otherwise appeared. <u>For counsel's convenience scheduling conferences can be by telephone with plaintiff's counsel setting up a conference call with all parties and the Court.</u> Court permission is not required for such a conference call. Any Defendant who desires to appear by telephone should notify Plaintiff's counsel in advance and provide an appropriate telephone number to Plaintiff's counsel.

    A duplicate original of this letter is being filed in the official Court file.

            Very truly yours,

            Lawrance S. Miller, Jr., Judge
            18th Judicial Circuit

LSMJr/ms

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

        Plaintiff,

v.                                 Civil Action No. 10-C-269
                                 Judge Lawrance S. Miller, Jr.

CSX TRANSPORTATION, INC.,
a Virginia corporation,

        Defendant.

## AGREED ORDER

Came counsel for the Defendant, CSX Transportation, Inc. and moved to reschedule the Scheduling Conference set for April 22, 2011 at 11:00 a.m. due to the unavailability of CSX Transportation, Inc.'s counsel. Plaintiff does not object to the rescheduling of the Scheduling Conference to April 26, 2011 at 11:15 a.m.

It is accordingly **ORDERED** that the Scheduling Conference set for April 22, 2011 at 11:00 a.m. is rescheduled for **April 26, 2011 at 11:15 a.m.**

For counsel's convenience, the parties may participate in the scheduling conference by telephone. Plaintiff's counsel shall set up a conference call with all parties and the Court.

This _____7_____ day of March, 2011.

                                      _____
                                        Lawrance S. Miller, Jr., Judge

Submitted by:

_Andrew S. Zettle_ (signature)
Andrew S. Zettle, Esquire (WV Bar #4193)
HUDDLESTON BOLEN LLP
Post Office Box 2185
Huntington, WV 25722-2185
Telephone: (304) 529-6181
Fax: (304) 522-4312
*Counsel for Defendant CSX Transportation, Inc.*

_Thomas R. Michael_ (signature)
Thomas R. Michael, Esquire (WV Bar #2546)
P.O. Box 250
Lost Creek, WV 26385
*Counsel for Plaintiff Town of Tunnelton*

2 copies
SID 3/7/11

entered: March 7, 2011
Betsy Castle, Clerk
by Shawntel Kamble, Deputy

A TRUE COPY:

ATTEST:    S/BETSY CASTLE
        CLERK OF THE CIRCUIT COURT
By_Shawntel Kamble_Deputy

{H0649325.!}

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

TOWN OF TUNNELTON,

PLAINTIFF,

vs.                                                    //CIVIL ACTION NO. 10-C-269

CSX TRANSPORTATION, INC.,

DEFENDANT.

### SCHEDULING CONFERENCE ORDER

On the 26th day of April, 2011, came the Plaintiff by Counsel, Thomas R. Michael, and the Defendant by Counsel, Andrew S. Zettle, and the following schedule was adopted and **ORDERED** by the Court in the above-styled action.

1. Trial Date to be set at Pretrial Conference

2. Discovery completed by: December 1, 2011

3. Plaintiff's experts disclosed by: August 1, 2011
   Defendant's experts disclosed by: September 15, 2011

Any party desiring to use an expert witness must furnish opposing counsel with the specialty of such expert, and copies of all reports submitted by such witness, or if no such reports have been submitted, a summary of the substance of the contemplated testimony of such witness. The report or summary must describe the witness's opinions, the bases and reasons therefor, and the witness's qualifications.

The admissibility of expert testimony, as provided in Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993) and Wilt v. Buracker, 191 W. Va. 39, 443 S.E.2d 196 (1993), is subject to Rule 104(a) of the Rules of Evidence. Objections to the admissibility of such evidence must be raised by a motion in limine prior to trial. The Court will conduct an in-camera hearing on the motion. The proponent of the expert testimony must show by a preponderance of the evidence that the expert testimony is admissible. Objections to the admissibility of expert testimony will be deemed waived if not objected to by a motion in limine filed and a hearing thereon set with the Court prior to trial.

4. Any evidentiary examinations and inspections by: November 1, 2011

5. Preliminary exhibit and witness lists exchanged by: November 1, 2011

1

6. Other matters (including motions in limine, joinder of other parties, third party pleadings, amendments to the pleadings, motions to dismiss, and motions for summary judgment) are to be filed and heard by: **December 15, 2011**. On a general note, the Court will not consider motions in limine on the day of trial.

7. The pretrial conference is set for **December 19, 2011, at 1:00 p.m.** and all attorneys and all *pro se* parties are expected to attend unless prior arrangements have been made with the Court. At least three days prior to the pretrial conference the parties shall prepare and provide the Court and opposing counsel with a pretrial memorandum, which shall include a brief summary of the facts and theory of liability or defense, itemization of damages, stipulation of uncontested facts, general statement of contested issues of law, list of names and addresses of all witnesses, legal authorities relied upon, proposed jury instructions, list of exhibits properly marked, mediation results, and settlement possibilities.

Proposed jury instructions are to be furnished to the Court and opposing counsel at least three days prior to the pretrial conference.

<u>The failure of any party to attend the pretrial conference either in person or by counsel may result in a default judgment against the non-appearing party or other sanctions authorized by law.</u>

8. All parties are directed to deliver their respective pretrial conference memoranda to the Judge's office three days prior to the pretrial conference. The memoranda are to include at a minimum the following:

    (1) Statement of the case
    (2) Itemized statement of damages
    (3) Stipulation of uncontested facts
    (4) General statement of contested issues of law
    (5) General statement of contested issues of fact
    (6) List of witnesses, including name and address, and
        if an expert witness, the purpose of the testimony
    (7) List of exhibits
    (8) Legal authorities to be relied upon
    (9) Jury Instructions regarding each party's theory of the case
    (10) Settlement possibilities

9. Before filing any motion, counsel shall obtain a hearing date and time from the Judge's secretary and serve with any motion a notice of the specific date and time for which the motion has been scheduled for hearing.

10. The Court further **ORDERS** that each of said parties shall deposit with the Clerk of this Court $600.00 prior to the first day of trial pursuant to West Virginia Code § 59-1-33, unless excepted by the Court.

2

11.  The Court finds that this is an appropriate case for mediation and **ORDERS** the parties to select a mediator and to conduct the mediation prior to the pretrial conference.  If the parties are unable to agree on a mediator, the Court will appoint a mediator upon request.  All attorneys and their clients or a representative with settlement authority are required to personally attend mediation unless the mediator permits said parties to be present by telephone because of travel distance or by agreement of all counsel, with prior notice to mediator.

12.  In the event this case would settle before trial, the Court requires written notice signed by the parties that an agreement has been reached.

The Clerk of the Court is directed to deliver in person or send by first-class mail a certified copy of this order to all counsel of record.

**ENTER** this 26th day of April, 2011

_____
Lawrance S. Miller, Jr., Judge

**ENTERED** this 26 day of April, 2011

_____
Betsy Castle, Circuit Clerk

by: Sheila Turner, deputy

A TRUE COPY:

ATTEST:        S/BETSY CASTLE
        CLERK OF THE CIRCUIT COURT
By_____Deputy

3

IN THE CIRCUIT COURT OF PRESTON COUNTY
WEST VIRGINIA

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

     Plaintiff,

vs.                               Civil Action No. 10-C-269

CSX TRANSPORTATION, INC.,
a Virginia corporation,

     Defendant.

## REPLY TO COUNTERCLAIM

Now comes the Plaintiff, Town of Tunnelton, by its counsel, Thomas R. Michael, and replies

to the Defendant's Counter-Claim as follows:

### FIRST DEFENSE

The Counter-Claim fails to state a claim against the Plaintiff upon which relief can be granted.

### SECOND DEFENSE

The Counter-Claim is barred by the statute of limitations.

### THIRD DEFENSE

The Counter-Claim is barred by the doctrine of laches.

### FOURTH DEFENSE

The Counter-Claim is barred by waiver of the Defendants.

### FIFTH DEFENSE

The Counter-Claim is barred by estoppel.

### SIXTH DEFENSE

The contributory negligence and/or wrongful conduct of Defendant caused and/or contributed

1

to the condition of Defendant's railway overpass structure and damage to Beaver Street, and any right

to relief against Plaintiff is reduced and/or barred by Defendant's contributory negligence and/or

wrongful conduct.

## SEVENTH DEFENSE

The Plaintiff reserves to itself the right to assert additional affirmative defenses as the same

may be identified and deemed appropriate through discovery to be undertaken herein.

## EIGHTH DEFENSE

1.    The Plaintiff, Town of Tunnelton, admits the allegations made in paragraph 1 of the Counter-

Claim.

2.    The Plaintiff, Town of Tunnelton, admits, upon information and belief, that a water line lies

under Beaver Street, and denies all of the other allegations made in paragraphs 2, 3, 4, 5, 7, 8,

10, 11, 13, 14, 16, 18, 19, 21, 22, and 24 of the Counter-Claim.

3.    The Plaintiff, Town of Tunnelton, in reply to paragraphs 6, 9, 12, 15, 17, 20, and 23, of the

Counter-Claim, incorporates by reference paragraph number 2 above.

WHEREFORE, Plaintiff demands that the Counter-Claim be dismissed and that the Defendant

be required to pay its reasonable attorney fees and costs in its defense of this action.

Dated this _12th_ day of July, 2011

TOWN OF TUNNELTON

By: _Thomas R. Michael_

Thomas R. Michael
State Bar No. 2546
Attorney for Town of Tunnelton
P.O. Box 250
Lost Creek, West Virginia, 26385
304-745-5904

2

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2011, I served the foregoing *Reply to Counterclaim* on behalf

of the Town of Tunnelton upon the following by depositing a true copy thereof in the United States

mail, postage prepaid, in an envelope addressed as follows:


Thomas R Michael, WV Bar No. 2546
P.O. Box 250
Lost Creek, West Virginia, 26385
304-745-5904

3

## IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

      PLAINTIFF,

  vs.                              //CIVIL ACTION NO. 10-C-269

CSX TRANSPORTATION, INC.,
a Virginia corporation,

      DEFENDANT.


### AMENDED SCHEDULING CONFERENCE ORDER

On the 17th day of November, 2011, came the Plaintiff by its Counsel, Thomas R. Michael, and the Defendant, by its Counsel, Andrew S. Zettle, and the following schedule was adopted and **ORDERED** by the Court in the above-styled action.

1. Trial Date to be set at Pretrial Conference

2. Discovery completed by: July 2, 2012

3. Plaintiff's experts disclosed by: January 6, 2012
   Defendant's experts disclosed by: February 17, 2012

Any party desiring to use an expert witness must furnish opposing counsel with the specialty of such expert, and copies of all reports submitted by such witness, or if no such reports have been submitted, a summary of the substance of the contemplated testimony of such witness. The report or summary must describe the witness's opinions, the bases and reasons therefor, and the witness's qualifications.

The admissibility of expert testimony, as provided in Daubert v. Merrell Dow Pharmaceutical, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993) and Wilt v. Buracker, 191 W. Va. 39, 443 S.E.2d 196 (1993), is subject to Rule 104(a) of the Rules of Evidence. Objections to the admissibility of such evidence must be raised by a motion in limine prior to trial. The Court will conduct an in-camera hearing on the motion. The proponent of the expert testimony must show by a preponderance of the evidence that the expert testimony is admissible. Objections to the admissibility of expert testimony will be deemed waived if not objected to by a motion in limine filed and a hearing thereon set with the Court prior to trial.

4. Any evidentiary examinations and inspections by: June 1, 2012

1

5. Preliminary exhibit and witness lists exchanged by: June 1, 2012

6. Other matters (including motions in limine, joinder of other parties, third party pleadings, amendments to the pleadings, motions to dismiss, and motions for summary judgment) are to be filed and heard by: <u>July 20, 2012</u>. On a general note, the Court will not consider motions in limine on the day of trial.

7. The pretrial conference is set for <u>July 27, 2012, at  1:00 p.m.</u> and all attorneys and all *pro se* parties are expected to attend unless prior arrangements have been made with the Court. At least three **business** days prior to the pretrial conference the parties shall prepare and provide the Court and opposing counsel with a pretrial memorandum, which shall include a brief summary of the facts and theory of liability or defense, itemization of damages, stipulation of uncontested facts, general statement of contested issues of law, list of names and addresses of all witnesses, legal authorities relied upon, proposed jury instructions, list of exhibits properly marked, mediation results, and settlement possibilities.

Proposed jury instructions are to be furnished to the Court and opposing counsel at least three **business** days prior to the pretrial conference.

<u>The failure of any party to attend the pretrial conference either in person or by counsel may result in a default judgment against the non-appearing party or other sanctions authorized by law.</u>

8. All parties are directed to deliver their respective pretrial conference memoranda to the Judge's office three **business** days prior to the pretrial conference.  The memoranda are to include at a minimum the following:

    (1) Statement of the case
    (2) Itemized statement of damages
    (3) Stipulation of uncontested facts
    (4) General statement of contested issues of law
    (5) General statement of contested issues of fact
    (6) List of witnesses, including name and address, and
        if an expert witness, the purpose of the testimony
    (7) List of exhibits
    (8) Legal authorities to be relied upon
    (9) Jury Instructions regarding each party's theory of the case
    (10) Settlement possibilities

9. Before filing any motion, counsel shall obtain a hearing date and time from the Judge's secretary and serve with any motion a notice of the specific date and time for which the motion has been scheduled for hearing.

2

10. The Court further **ORDERS** that each of said parties shall deposit with the Clerk of this Court $600.00 prior to the first day of trial pursuant to West Virginia Code § 59-1-33, unless excepted by the Court.

11. The Court finds that this is an appropriate case for mediation and **ORDERS** the parties to select a mediator and to conduct the mediation prior to the pretrial conference. If the parties are unable to agree on a mediator, the Court will appoint a mediator upon request. All attorneys and their clients or a representative with settlement authority are required to personally attend mediation unless the mediator permits said parties to be present by telephone because of travel distance or by agreement of all counsel, with prior notice to mediator.

12. In the event this case would settle before trial, the Court requires written notice signed by the parties that an agreement has been reached.

The Clerk of the Court is directed to deliver in person or send by first-class mail a certified copy of this order to all counsel of record.

3- Copies
SID  11-17-11
ASZ
TRM
MEG

**ENTER** this __17__ day of November, 2011

Lawrance S. Miller, Jr., Judge

**ENTERED** this __17__ day of November, 2011

Betsy Castle
Betsy Castle, Circuit Clerk
by: Lisa Leishman, Deputy

A TRUE COPY:

ATTEST:      S/BETSY CASTLE
        CLERK OF THE CIRCUIT COURT
By __Lisa Leishman__ Deputy

3

## IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

**TOWN OF TUNNELTON,**
**a West Virginia Municipal Corporation,**

   **Plaintiff,**

**vs.**              **Civil Action No. 10-C-269**
                 **Hon. Lawrance S. Miller, Jr.**

**CSX TRANSPORTATION, INC.,**
**a Virginia corporation,**

   **Defendant.**

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

On this day came the Plaintiff, the Town of Tunnelton ("Tunnelton") by and through its counsel, and the Defendant, CSX Transportation, Inc. ("CSXT"), by and through its counsel, for a hearing on Tunnelton's Motion for Leave to File First Amended Complaint. The Court, upon review of the filings, the hearing of oral argument by counsel, and otherwise being sufficiently advised, hereby **GRANTS** Tunnelton's Motion for Leave to File First Amended Complaint. Accordingly, this Court **ORDERS** that:

1. Tunnelton shall be granted leave to file the First Amended Complaint attached to its Motion for Leave to File First Amended Complaint.

2. Tunnelton shall file and serve the aforementioned First Amended Complaint upon CSXT within ten (10) days of the entry of this Order. — *Defendants 20 days thereafter to answer.*

3. The Scheduling Order applicable to this case is ~~suspended pending further action by this Court.~~ *modified by separate order*

The Court **DIRECTS** the Clerk to send a copy of this Order to all counsel of record, addressed as follows:

Thomas R. Michael
P.O. Box 250
Lost Creek, West Virginia 26385
*(Counsel for Plaintiff)*

Andrew S. Zettle, Esq.
Huddleston Bolen LLP
P.O. Box 2185
Huntington, West Virginia 25722
*(Counsel for Defendant)*

Mark E. Gaydos, Esq.
McNeer, Highland, McMunn and Varner, L.C.
107 West Court Street
P.O. Box 585
Kingwood, WV 26537
*(Counsel for Defendant)*

ENTER: this the _____18_____ day of November, 2011

3- Copies
s/o 11-18-11
TRM
ASZ
MEG

_____
Judge Lawrance S. Miller, Jr.

Entered: November 18, 2011
Betsy Castle, Clerk
by: Lisa Leishman, Deputy

**PREPARED AND SUBMITTED BY:**

_____
Andrew S. Zettle, Esq.
Huddleston Bolen LLP
P.O. Box 2185
Huntington, West Virginia 25722
*(Counsel for Defendant)*

A TRUE COPY:

ATTEST:        S/BETSY CASTLE
           CLERK OF THE CIRCUIT COURT
By:_____ Deputy

**APPROVED FOR ENTRY BY:**

_____
Thomas R. Michael
P.O. Box 250
Lost Creek, West Virginia 26385
*(Counsel for Plaintiff)*

{H0713807.2 }                        2

**IN THE CIRCUIT COURT OF PRESTON COUNTY
WEST VIRGINIA**

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

      Plaintiff,

vs.                            Civil Action No. 10-C-269

CSX TRANSPORTATION, INC.,
a Virginia corporation,

      Defendant.

**FIRST AMENDED COMPLAINT**

1.    The Plaintiff, Town of Tunnelton, is a West Virginia municipal corporation, located entirely

    within Preston County, West Virginia.

2.    The Defendant, CSX Transportation, Inc., is a Virginia corporation doing business in Preston

    County, West Virginia.

3.    The Defendant, CSX Transportation, Inc., is the successor in interest to the Baltimore and

    Ohio Railroad Company.

4.    On or about November 2, 1911, the Town of Tunnelton passed an ordinance containing

    certain terms and conditions, which were accepted by the Baltimore and Ohio Railroad

    Company on November 6, 1911.

5.    A true copy of said ordinance is attached hereto as "Exhibit A" and made a part hereof.

6.    Said ordinance and its acceptance by the Baltimore and Ohio Railroad Company constitute

    a contract between the Plaintiff and Defendant.

7.    Said terms and conditions concern, in part, the maintenance obligations of CSX relating to the

overpass of Beaver Street and a footbridge over the railway.

8.    The "SECOND" paragraph in the ordinance provides, in part, that the "Baltimore and Ohio Railroad Company will build, construct, in a good, workmanlike manner and forever maintain in a safe and useable condition, a concrete structure to carry its tracks over Beaver Street".

9.    Beaver Street is a municipal street within the Town of Tunnelton, and is not part of the State Highway system.

10.   At this time the overpass of Beaver Street has pieces of concrete falling off of the ceiling and onto Beaver Street.  Also, water is flowing from the side walls of the overpass and dripping from the ceiling of the overpass onto Beaver Street and causing intermittent flooding and damage to the street.

11.   The "FOURTH" paragraph in the ordinance provides, in part, that the railroad company "is further to provide, keep and forever maintain" an iron overhead bridge over the railway.

12.   At various times, said foot bridge is missing a number of floor boards on its decking.  In addition, snow is not being removed in the winter.

13.   Plaintiff has requested that Defendant advise Plaintiff of its plans to correct said problems.

14.   Defendant has failed to respond to Plaintiff's request.

15.   Defendant has failed to correct said problems.

COUNT ONE - BREACH OF CONTRACT

16.   Plaintiff incorporates Paragraphs 1 through 15.

17.   Defendant has breached its contract with Plaintiff by failing to maintain in a safe and useable condition, the concrete structure that carries its tracks over Beaver street.

18.   Defendant has breached its contract with Plaintiff by failing to provide, keep and maintain

2

the iron overhead bridge over the railway.

COUNT TWO - TORT

19.    Plaintiff incorporates Paragraphs 1 through 15.

20.    Defendant is unreasonably and negligently diverting surface water onto Beaver Street, causing damage to said Street.

21.    Defendant is unreasonably and negligently allowing the concrete to fall from the ceiling of the concrete structure over Beaver Street, creating a hazard to the public.

22.    Defendant is unreasonably and negligently failing to maintain the deck on the foot bridge, crating a hazard to the public.

COUNT THREE - NUISANCE

23.    Plaintiff incorporates Paragraphs 1 through 15.

24.    Defendant is diverting surface water onto Beaver Street, causing intermittent flooding and damage to the public street, which creates a hazard to the public, and a public nuisance.

25.    Defendant is allowing the concrete to fall from the ceiling of the concrete structure over Beaver Street, creating a hazard to the public, and a public nuisance.

26.    Defendant is failing to maintain the deck on the foot bridge, crating a hazard to the public, and a public nuisance.

WHEREFORE, Plaintiff demands:

1.    Specific performance by the Defendant of its obligations to maintain in a safe and useable condition, the concrete structure that carries its tracks over Beaver street.

2.    Specific performance by the Defendant of its obligations to provide, keep and maintain the iron overhead bridge over the railway.

3

3.      Judgment against the Defendant for the damages caused to Beaver Street.

4.      An Order enjoining Defendant from maintaining a public nuisance.

5.      Its costs and expenses herein, including reasonable attorney fees.

TOWN OF TUNNELTON

By:_____
            Thomas R. Michael
            State Bar No.  2546
            Attorney for Town of Tunnelton
            P.O. Box 250
            Lost Creek, West Virginia, 26385
            304-745-5904

4

165

AN ORDINANCE GRANTING THE USE OF PART OF NORTH
STREET AND CERTAIN OTHER RIGHTS AND PRIVILEGES
TO THE BALTIMORE AND OHIO RAILROAD COMPANY.

WHEREAS, heretofore, The Town of Tunnelton entered into
an agreement with The Baltimore and Ohio Railroad Company, dated
the 5th day of November, 1910, whereby the said Town of Tunnelton
agreed to vacate certain parts of Boswell Street, to-wit:  from
a point where the same forms a junction with Gibson Street near
the Methodist Episcopal Church, eastward to a point at or about
the line dividing the property now or formerly owned by A. Bliss
McCrum, from the property of W. J. Lavelle, and also that part of
said street extending from the line dividing the property of said
W. J. Lavelle from the property now or formerly owned by the
Kingwood, Gas, Coal & Iron Company, eastward, to a point east of
the crossing of said Boswell Street and the West Virginia Northern
Railroad and between said crossing and the residence of D. C. Zinn,
at a point heretofore agreed on between said crossing and the said
Zinn's residence; and granted to the said Railroad Company the
right to use said portions of said Boswell Street, so vacated and
abandoned, for railroad purposes.

AND WHEREAS, said Town of Tunnelton, afterwards, conveyed
said portions of said Boswell Street to said Baltimore and Ohio
Railroad Company by a proper deed, and in consideration of said
abandonment, vacating, and closing of said Boswell Street and said
conveyance, the said Railroad Company agreed to open a new street,
hereinafter referred to as "New" Street, from the said Boswell
Street at the point at which said street is so closed near D. C.
Zinn's residence, uniting it as nearly at a right angle as can
practically be made with the open end of said street and crossing

--- 1 ---

EXHIBIT A

in a straight line to and intersecting Gibson Street at a point east of and near the water trough of S. W. Craig; said New Street to be built by said Railroad Company at as nearly an equal grade with the portions of Boswell and Gibson Streets, so intersected by it as can be done, and said Railroad Company agreed to make ample provision, in the construction of said New Street, for conducting the water which now flows between said Gibson and Boswell Streets under said New Street so as not to obstruct or impede its flow; and to keep, and maintain said street in good repair for one year from the date of its construction.

AND WHEREAS, said Railroad Company further agreed to put said Gibson Street on a better grade than it then had from the present point of intersection thereof by Boswell Street to the point of its intersection by said proposed New Street, and on as good grade as can be done without damage or injury to the properties of adjoining landowners and to macadamize both said New Street and the said portion of Gibson Street with the same material as is used by the said Railroad Company in ballasting its tracks; and to cover the same with a top coating of stone screenings, the macadamized surface to be twenty-four feet in width; and agreed to widen said Gibson Street to a uniform width of fifty feet from its intersection with North Street to its intersection by said proposed New Street, and said Railroad Company further agreed to make said New Street of a uniform width of fifty feet, to grade the same and to macadamize the same to a like width of twenty-four feet in the same manner as thereinbefore provided for Gibson Street.

AND WHEREAS, by said agreement said Railroad Company was authorized to make a cut across North Street between the part crossing the Baltimore and Ohio Railroad tracks at the intersection of said North Street by Gibson Street, of sufficient depth and width

--- 2 ---

for the use of contractors in the building of the new tunnel to the west of said Town of Tunnelton, which work was to be prosecuted with as little obstruction to the travel on said street as it was possible to avoid; and said cut was to be bridged by said company and kept at all times, while in use, safe and convenient for travel; and said Company further agreed on the completion of said tunnel, unless there was a later different agreement as to same, to put said street in as good condition as it had theretofore been.

AND WHEREAS said Railroad Company further agreed within one year from said 5th day of November, 1910, or as soon thereafter as its tracks are removed from its present right of way, not to exceed eighteen months, to give, dedicate, and convey to the Town of Tunnelton, for public use as a street, hereinafter called "Bank Street", a strip of land twenty-four feet wide along the northern limit of said Baltimore and Ohio Railroad, by the most convenient route to Boswell Street, at or near the corner of the property belonging to W. J. Lavelle, and agreed at its own expense to grade, pave or macadamize said street in such manner as might be desired by the Council of said Town of Tunnelton, and said Railroad Company further agreed that it would give and convey to the Town of Tunnelton the portion of land between the southwest corner of the bank building and the eastern limit of North Street on the south side of said railroad as at present located, on which the flagstone walk running from North Street to the said bank building is now located.

AND WHEREAS said Railroad Company desires to reduce the grade of its lines of railroad through the Town of Tunnelton, to relocate parts of the same, and to otherwise improve said lines and to accomplish said purposes has petitioned the Town of Tunnelton that it may, take and hold the interest and right which said Town has in that part of North Street extending from its

--- 3 ---

intersection with Gibson Street to the north side of Bank Street, and in exchange therefore has agreed to give, dedicate and convey certain property to the Town and to do certain acts and things for public use and benefit as hereinafter set forth.

NOW, THEREFORE, Be it ordained by the Council of the Town of Tunnelton, in consideration of the premises, that part of North Street extending from the southern boundary of Gibson Street to the northern boundary of said Bank Street, be vacated and abandoned, but upon the express conditions, stipulations and covenants hereinafter set forth.

FIRST:  That the said Baltimore and Ohio Railroad Company will construct a passenger station, as located on the plat marked Exhibit "A" and made part hereof, as well as a freight station as located on said Exhibit "A".

SECOND:  That said Baltimore and Ohio Railroad Company will build, construct, in a good, workmanlike manner and forever maintain in a safe and usable condition, a concrete structure to carry its tracks over Beaver Street, to be located as shown on said Exhibit "A", and will forever save free and harmless the said Town from any injury or damage done to or suffered by any one by reason of any defect in the construction or default in the maintenance of said structure.

THIRD:  Said structure is to be twenty-six feet in width and fourteen feet in height from under part of bridge to crown of street, in accordance with the design shown by Plan "B" hereto attached, and made part hereof.   The street passing through the undergrade crossing is to be known as Beaver Street and is hereinafter referred to by that name.   Said Beaver Street is to be paved its entire width and at each end of Beaver Street, where the same connects with said Bank Street and said Boswell Street, is to be made of greater width than twenty-six feet as designated by said Exhibit "A" to make convenient turning for teams going in any direction from Beaver Street.   Within the said structure there shall

be constructed a sidewalk, of concrete, for the accomodation of pedestrians on the east side thereof and separated from the driveway by an iron railing as indicated on Plan "B".

The said Railroad Company is to grade, curb and pave said Gibson Street, said New Street, said Bank Street, said Boswell Street, and said Beaver Street to a width and in the manner hereinafter specified.

Said Gibson Street shall be paved to a width of thirty-two feet for a distance of three hundred feet, west of North Street, with a concrete curbing at both edges of said paving.

Said Gibson Street is to be paved to a width of thirty-two feet from the western side of North Street to its junction with New Street, with concrete curbing on both sides of said paving.

Said New Street, leading from the property of D. C. Zinn at Boswell Street to Gibson Street, is to be paved to a width of thirty-two feet with concrete curbing on both sides.

Said Railroad Company is to give, dedicate and convey to the Town instead of the strip twenty-four feet in width, called Bank Street, and leading to Boswell Street from South Street, a strip of ground forty feet in width, and in lieu of macadamizing the same for a width of twenty-four feet, as heretofore agreed upon, is to pave said street for its entire length and to a width of thirty-two feet from its junction with South Street to said subway with an eight foot sidewalk on the north side thereof, with concrete curbing on both sides of the driveway, and to pave said Boswell Street for its entire length and for its entire width from said subway to a point near the east line of Lavelle's property, east of which point said street has been abandoned under agreement of November 5th, 1910, with concrete curbing on both sides of the driveway.

The said streets are to be graded to line shown on Plan marked Exhibit "A" and the said Town of Tunnelton hereby releases

--- 5 ---

the Railroad Company from any damage which may be incurred or claim by either the Town or property owners by reason of the grading and paving of the streets hereinabove referred to.

All said curbing is to be of concrete set according to the grade lines shown on Plan marked Exhibit "A", and is to be not less than six inches in width at the top and seven and one-half inches at the base, and of a depth of two and one-half feet to be well set and bedded below the ground out of danger of frost. The concrete to be made of not less than one part of Portland Cement, or cement of as good quality, two parts, sharp, clean sand, free from loam and dirt, and four parts of broken stone, free and clean, no stone larger than will pass through an inch and a half wire mesh to be used.

Said paving to be done with paving block of prime qual upon a foundation of not less than eight inches of cinder well rolled, and two inches of sand, and when completed to be covered with sand and rolled; joints of paving when completed to be seal with grout composed of one part cement and one part sand.   The driveways to have a crown, in the center, of six inches with gut on each side of six inches, below the top of the concrete curbin

FOURTH:  Said Railroad Company is further to provide, keep and forever maintain over the new tracks of said railroad, where the same cross North Street, an iron overhead bridge, eigh feet in width, of sufficient strength to carry a weight of not less than one hundred and sixty pounds, per square foot, with one iron step approach to said bridge on the south side thereof and with two iron step approaches on the north side thereof, one lead ing to the western part of said Gibson Street, and the other to the eastern part; the steps to be of equal width with said bridge and to have uniform risers not in excess of eight inches, and sai

bridge to be not less than twenty-one feet, six inches, above top of rail of said railroad, the bridge and approaches to have side rails not less than four feet in height, which said bridge when so constructed, shall be open and free for the use of the public as a foot bridge.

Said Railroad Company shall use all proper skill and care in the performance of the work to be done, by it under the provisions of this ordinance; shall fully guard and protect all excavations and dangerous places, and use all due and proper care to prevent injury to persons or property for and during the time of doing the said work, and shall save harmless and free from all liability the said Town from any injury or damage caused by its neglect or default, or the neglect or default of its agents, servants or employes.

It is further provided that this ordinance shall be effective immediately upon the Railroad Company filing with the Recorder of the Town a written acceptance of said ordinance, with all its terms and conditions.

Provided, further, that the wooden bridge now on North Street shall be maintained and kept in good and safe condition until the said Beaver Street and Bank Street shall have been opened and made fit for public use.

Baltimore, Md.   Nov. 6th, 1911.

The Baltimore and Ohio Railroad Company hereby accepts the Ordinance passed by the Council of the Town of Tunnelton on Thursday, November 2nd, 1911, entitled "AN ORDINANCE GRANTING THE USE OF PART OF NORTH STREET AND CERTAIN OTHER RIGHTS AND PRIVILEGES TO THE BALTIMORE AND OHIO RAILROAD COMPANY", subject to all its terms and conditions.

THE BALTIMORE & OHIO RAILROAD COMPANY,

BY _A. W. Thompson_
General Manager.

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

TOWN OF TUNNELTON,
a West Virginia Municipal Corporation,

        Plaintiff,

v.

                                      Civil Action No. 10-C-269
                                      Judge Lawrance S. Miller, Jr.

CSX TRANSPORTATION, INC.,
a Virginia corporation,

        Defendant.


## CERTIFICATE OF SERVICE

    I hereby certify that on November 29, 2011, I served the foregoing *First Amended Complaint*

on behalf of the Town of Tunnelton upon the following by depositing a true copy thereof in the

United States mail, postage prepaid, in an envelope addressed as follows:

                    Andrew S. Zettle, Esq.
                    Huddleston Bolen LLP
                    P.O. Box 2185
                    Huntington, WV 25722-2185


                                  *Thomas R. Michael*

                              Thomas R Michael, WV Bar No. 2546
                              P.O. Box 250
                              Lost Creek, West Virginia, 26385
                              304-745-5904